Stephen D. Weisskopf, Esq. (State Bar No. 213596)
Christopher E. Stiner, Esq. (State Bar No. 276033)
LEVATOLAW, LLP
2029 Century Park East, Suite 2910
Los Angeles, California 90067
Telephone: (310) 734-2026
Facsimile: (310) 421-4180

Attorneys for Plaintiff
TORTILLA FACTORY, LLC

# UNITED STATES DISTRICT COUNTY

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORTILLA FACTORY, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> BETTER BOOCH, LLC, a Delaware limited liability company; KEHE DISTRIBUTORS, INC., a Delaware corporation; HI-TOUCH DISTRIBUTION, INC., a California corporation; RELIANT FOOD SERVICES, INC., a California corporation; LOS ANGELES DISTRIBUTING COMPANY, a California corporation; and DOES 1-10, <br><br> Defendants. | Case No. 2:18-cv-2980 <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** <br><br> 1. **FALSE ADVERTISING UNDER LANHAM ACT 43(A)** <br> 2. **FALSE ADVERTISING UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500** <br> 3. **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff TORTILLA FACTORY, LLC ("Tortilla Factory" or "Plaintiff") hereby alleges as follows:

**PARTIES**

1.     Plaintiff Tortilla Factory is a California limited liability company with its principal place of business in Los Angeles, California, and is in good standing in California.  It manufactures a line of kombucha drinks under the brand name "Kombucha Dog."

2.     On information and belief, defendant Better Booch, LLC (collectively with Does 1-10, "Better Booch") is a California limited liability company with its principal place of business in Huntington Park, California. References to Better Booch used herein specifically include this California limited liability company and any other predecessor organizations.

3.     On information and belief, defendant KeHE Distributors, Inc. ("KeHE"), is a Delaware corporation registered with the California Secretary of State with its principal place of business in Naperville, Illinois.  References to KeHE used herein specifically include this Delaware corporation and any other predecessor organizations.

4.     On information and belief, defendant Los Angeles Distributing Company, Inc. ("LA Distributing"), is a California corporation with its principal place of business in Commerce, California.  References to LA Distributing used herein specifically include this California corporation and any other predecessor organizations.

5.     On information and belief, defendant Reliant Food Services, Inc. ("Reliant"), is a California corporation with its principal place of business in Walnut Creek, California. References to Reliant used herein specifically include this California corporation and any other predecessor organizations.

6.     On information and belief, defendant Hi-Touch Distribution, Inc. ("Hi-Touch" and, collectively with KeHE, LA Distributing, and Reliant, the "Distributors"), is a California corporation registered with the California Secretary of State with its principal

1

1  place of business in Huntington Beach, California.  References to Hi-Touch used herein

2  specifically include this California corporation and any other predecessor organizations.

3      7.      Plaintiff is not aware of the true names and capacities of the defendants

4  identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said

5  defendants. Plaintiff will amend this Complaint to allege the true names and capacities of

6  these fictitiously named defendants when their identities are ascertained.

7      8.      Plaintiff is informed and believes, and thereon alleges, that Better Booch, the

8  Distributors and each of the fictitiously named Doe defendants were in some manner

9  responsible for the acts alleged herein and the harm, losses and damages suffered by

10  Plaintiff as alleged hereinafter. Plaintiff is also informed and believes that, while

11  participating in such acts, each of the defendants was the agent, alter ego, conspirator, and

12  aidor and abettor of the other defendants and was acting in the course and scope of such

13  agency and/or acted with the permission, consent, authorization or ratification of the other

14  defendants.

15      9.      As described further below, Better Booch and the Distributors conduct

16  business and manufacture and/or distribute products in the greater Los Angeles area, and

17  throughout the United States.

18                    **JURISDICTION AND VENUE**

19      10.     This action arises under 15 U.S.C. § 1125(a) and the statutory law of the

20  State of California. This Court has subject matter jurisdiction over this action pursuant to

21  28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C.

22  § 1367 (supplemental jurisdiction).

23      11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a

24  substantial part of the events or omissions giving rise to the claims occurred in this

25  District.

26             **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

27      12.     This action seeks redress for Better Booch's deliberate and unlawful false

28

COMPLAINT FOR FALSE ADVERTISING

1  and misleading representations regarding its variously flavored kombucha products[1]

2  ("Kombucha Products"). The Kombucha Products have been packaged, marketed and sold

3  by Better Booch based on representations significantly understating their alcohol and, upon

4  information and belief, sugar content along with other material misrepresentations.

5        13.     This action seeks redress for the unfair, unlawful and fraudulent business

6  practices of all defendants, each of whom have participated in making, or aided and

7  abetted, the false advertising claims related to Better Booch's Kombucha Products in

8  California and nationwide.

9  **I.      KOMBUCHA IN THE MARKETPLACE**

10        14.     While there is variation among kombucha beverages, the term "kombucha"

11  generally refers to a fermented beverage produced from a mixture of steeped tea and sugar,

12  combined with a culture of yeast strains and bacteria. In the kombucha brewing process,

13  yeast in the liquid metabolizes sugar and makes alcohol while bacteria in the liquid

14  metabolizes alcohol and makes vinegar. While some kombucha beverages also have fruit

15  juice or other flavors added during production, the value that the marketplace and

16  consumers place on kombucha as a product is substantially based on it being the natural

17  product described above, on its low sugar content, and on its high content of probiotics and

18  associated acids.

19        15.     Fermentation is a natural reaction when the sugar, yeast and bacteria are

20  combined during kombucha production. As a consequence of this fermentation, the

21  resulting product can have an alcohol content of 0.5% or more by volume. When this

22  happens, the kombucha is regulated as an alcohol beverage under federal law and Alcohol

23  and Tobacco Tax and Trade Bureau ("TTB") regulations.

24        16.     In fact the TTB has a web page devoted to frequently asked questions on the

25

26

27      [1] Better Booch produces the following flavors: daily revival, morning glory, ginger boost, golden pear, rose bliss, cherry retreat, and citrus sunrise.

28

COMPLAINT FOR FALSE ADVERTISING

1   regulation of kombucha brewing, sales and marketing. Relevant questions answered

2   include the following[2]:

3   **What causes a kombucha to continue fermenting in the original container after removal from the producer's premises?**

4

5   Fermentation, which is part of kombucha production, is a natural reaction when sugar and yeast are combined.  Several factors can influence how much alcohol is produced by fermentation, including time and temperature.

6

7   Even though a kombucha beverage may have less than 0.5% alcohol by volume at the time of bottling, fermentation may continue in the bottle after it leaves the production facility, depending on how the kombucha beverage is made and stored.  As a result, the alcohol content may increase to 0.5% or more alcohol by volume. Such a product is an alcohol beverage, which is subject to the laws and regulations governing the production, taxation, labeling, marketing, and distribution of alcohol beverages.

8

9

10

11   . . .

12   **Are kombucha containers required to bear a health warning statement?**

13   Yes, if the kombucha beverage contains 0.5 percent or more alcohol by volume. The container of any alcohol beverage sold or distributed in the United States with an alcohol content of 0.5 percent or more must bear the health warning statement required by the Alcoholic Beverage Labeling Act of 1988.  (See 27 U.S.C. 215 and 27 CFR part 16.) This requirement applies regardless of whether the kombucha is subject to the labeling requirements of the Federal Alcohol Administration Act (FAA Act). (See K13.) See 27 CFR part 16 for the wording, type size and other formatting rules regarding the health warning statement.

14

15

16

17

18       17.      Thus kombucha's regulation as an alcoholic beverage is a well-known issue

19   among kombucha producers and regulators despite kombucha's health benefits.

20   **II.     KOMBUCHA DOG**

21       18.      Michael Faye, an entrepreneur and health conscious Californian, began

22   brewing kombucha in 2010. After experimenting with over 200 teas and fermenting 60,

23   Faye perfected his kombucha recipe and began offering it as Tortilla Factory's Kombucha

24   Dog brand kombucha. Kombucha Dog currently offers six flavors—Just Kombucha, Mint,

25   Wild Blueberry, Ginger, Wild Blue Ginger, and Raspberry.  Kombucha Dog's recipe has a

26   _____

27   [2] *Available at* https://www.ttb.gov/kombucha/kombucha-general.shtml

28

1   unique blend of probiotics, antioxidants and detoxifying gluconic and acetic acids.

2        19.    Unlike mass-manufactured beverages, Kombucha Dog only uses raw,

3   organic ingredients. Each batch is hand brewed and stored in dark glass bottles. Kombucha

4   Dog makes unadulterated kombucha—it does not dilute the beverage like other

5   manufacturers. Consequently, Kombucha Dog beverages have an alcohol content of 0.5%

6   or more by volume.

7        20.    Kombucha Dog beverages are labeled, marketed and distributed in

8   substantial compliance with statutes and regulations governing it as an alcohol-containing

9   beverage.

10        21.    Kombucha Dog is a recognized product and brand in the marketplace, as

11   reflected in part by it having been featured or referenced in Los Angeles Magazine

12   (including being listed in "Best of LA"), LA Weekly, Ovation Television Network

13   (including "The Art Of…" television show), Locale Magazine, and various online media.

14   **III.    BETTER BOOCH AND ITS FALSE ADVERTISING OF ITS PRODUCTS**

15        22.    Better Booch describes itself as LA's premier tea-based kombucha. Better

16   Booch continues that its founders developed their Kombucha Product in 2012 "in an effort

17   to bring the freshest, most delicious and quality-driven kombucha possible to their

18   community in Los Angeles."[3]

19        23.    Evan Julien, Brewmaster at Better Booch, explains in Better Booch's blog

20   the following with regard to Better Booch's Kombucha Products' alcohol content:

21
22       Kombucha relies on a balance between yeast and bacteria to provide a variety
       of organic acids and unique flavors.  These organisms may have a symbiotic
       relationship, but make no mistake, they are not friends.  It is thought that one
23       of the reasons yeast produces alcohol to slow down and even kill its
       competition.  With that being said, if yeast is not properly managed, or if there
24       is an over-abundance of yeast in the starter culture, a large quantity of alcohol
       could be produced.
25

26
27      [3] "Company Spotlight: Better Booch Premium Kombucha" *available at* https://trndmonitor.com/company-spotlight-better-booch-premium-kombucha/#

28

COMPLAINT FOR FALSE ADVERTISING

. . .

Using Secondary fermentation is a great way to produce a carbonated product, however, alcohol is typically also produced.  At Better Booch, we use several safety measures to control and monitor our yeast populations, such as cold crashing and keeping our product aerated, but I will get into that in another post.

. . .

A silver lining regarding both blood acidosis and alcoholic content is that as the kombucha industry is growing, the FDA is beginning to pay more attention to kombucha companies, which is a good thing.  Alcohol production is usually caused by lack of control or lack of understanding of fermentation.  A class action lawsuit resulted from a few companies that have been operating above the 0.5% alcohol limit. New regulations will enforce a safer, more well-understood product for consumers.[4]

24.     Most egregiously, Better Booch advertises, markets and promotes the Kombucha Products as being non-alcoholic beverages, when, in fact, its products contain more than 0.5% alcohol.  Nowhere on the Kombucha Products is there any conspicuous disclosure that the products contain alcohol.

25.     Instead, in small font on the label, Better Booch explicitly states that the product contains "[l]ess than .5% alcohol by volume." This does not comply with federal regulations for alcoholic beverages and is incredibly misleading.  Upon information and belief, Better Booch knows that its products contain more than 0.5% alcohol.

26.     By failing to properly disclose to consumers that the Kombucha Products contain alcohol above 0.5%, Better Booch has confused and misled consumers (and jeopardized their health and safety), who reasonably expect that the drink does not contain alcohol.

27.     Given this, the Kombucha Products can be legally purchased and consumed by minors despite the alcohol content and unwitting parents might purchase and provide

---

[4] "Health Benefits: Part 1" *available at* http://better-booch.squarespace.com/ask-evan/2016/1/27/health-benefits-part-1.

COMPLAINT FOR FALSE ADVERTISING

1  these products to their young children.

2      28.    In truth, the Better Booch Kombucha Products contain between 1.9% and

3  2.7% alcohol and, consequently, must be properly labeled as alcoholic beverages and

4  comply with the many regulations and statutes that govern the manufacturing, marketing

5  and sale of alcoholic beverages. Plaintiff first learned of the true level of alcohol in Better

6  Booch's Kombucha Products within the last six months by utilizing headspace gas

7  chromatography combined with mass spectrometry from a third party lab to test alcohol

8  levels.

9      29.    Upon information and belief, the Kombucha Products also understate the

10  sugar content of their drinks, to mislead consumers into believing the products are

11  healthier than other kombucha drinks on the market that properly advertise their sugar

12  content.

13      30.    Sugar level in beverages is an important factor in a consumer's purchasing

14  decision, especially in beverage markets where products have advertised health benefits.

15      31.    The labels on the Kombucha Products list a sugar content of 5 grams.  Given

16  the manufacturing process for a true kombucha product, as Better Booch's products

17  purport to be, it is highly unlikely that the sugar level is accurate.

18      32.    Tortilla Factory's Kombucha Dog is a direct competitor of Better Booch

19  with respect to brewing kombucha for sale in retail and wholesale settings. The parties are

20  vying for the same dollars from the same consumers, and did so at all times relevant to this

21  Complaint, except that Tortilla Factory did not seek to sell alcohol to minors.

22      33.    Tortilla Factory is informed and believes that Better Booch had subjective

23  notice of its actual, probable, or potential violations of legal obligations concerning

24  labeling, marketing, and manufacturing of its Kombucha Products.

25      34.    Better Booch gained an unfair advantage over Tortilla Factory in the

26  marketplace by engaging in unlawful practices including, among other things:

27      a.    Failing to label the Kombucha Products in compliance with laws regulating

28

1    alcohol-containing beverages. This includes but is not limited to the legal

2    requirement to disclose such beverages as being hazardous to pregnant women and

3    a potential carcinogen.

4    b.      Failing to distribute the Kombucha Products in compliance with laws

5    regulating alcohol-containing beverages. This includes using grocery distribution

6    channels for the Kombucha Products, including but not limited through the

7    Distributors, even though they were alcohol-containing beverages not entitled to

8    such distribution, and required distribution only through licensed beer wholesalers.

9    c.      Failing to market the Kombucha Products in compliance with laws

10   regulating alcohol-containing beverages, including on information and belief by

11   selling and marketing the Kombucha Products to persons below 21 years of age.

12   d.      Upon information and belief, violating legal obligations to refrain from

13   paying money or providing other consideration to retailers in exchange for

14   exclusive or preferential relationships, displays, or distribution.

15   e.      Upon information and belief, understating the amount of sugar in the

16   Kombucha Products, both on the nutrition facts, and generally in the labeling of the

17   Kombucha Products.

18   35.     As a direct and proximate result of such unfair and unlawful practices, Better

19 Booch gained an unfair advantage over Tortilla Factory in the marketplace because these

20 violations allowed them to, among other things:

21   a.      Distribute its product through less expensive and broader reaching grocery

22   distribution channels, including but not limited through the Distributors;

23   b.      Market and sell its product to persons below 21 years of age;

24   c.      Upon information and belief, exclude other kombucha manufacturers,

25   including Tortilla Factory, from marketplaces by unlawfully securing exclusive or

26   preferential arrangements with retailers and/or distributors;

27   d.      Obtain a market advantage in the kombucha marketplace, which is very

28

COMPLAINT FOR FALSE ADVERTISING

1   sensitive to the amount of sugar in competing products, by, upon information and

2   belief, misrepresenting its sugar content;

3   e.   Obtain a market advantage in the kombucha marketplace, which is very

4   sensitive to perceived health-benefits of foods, by omitting required alcohol

5   disclosures and warnings;

6   f.   Produce and profit from sales of the Kombucha Products without satisfying

7   all tax obligations, including but not limited to payment of the state alcoholic

8   beverage tax.

9   g.   Alter the marketplace through manipulation of consumers such that 100%

10   authentic kombucha, such as Kombucha Dog, appeared to consumers, wholesalers,

11   and retailers as less natural, less healthy, and more sugary than the Kombucha

12   Products.

13   36.   Tortilla Factory is informed and believes that the Distributors distribute food

14   products both within California and throughout the United States.  Tortilla Factory is

15   further informed and believes that the Distributors knew of Better Booch's violations of its

16   legal obligations concerning labeling, marketing, and manufacturing of its Kombucha

17   Products, but chose to distribute its products regardless in direct violation of applicable

18   state and federal statutes and regulations.

19   37.   Further, Plaintiff is informed and believes that the Distributors knew that

20   Better Booch was engaged in the foregoing wrongful conduct, that the Distributors gave

21   substantial assistance to Better Booch —including but not limited to by distributing the

22   Kombucha Products, and that the Distributors' conduct was a substantial factor in causing

23   the aforementioned harm to Plaintiff.

24   38.   As a direct and proximate result of the wrongful conduct alleged herein,

25   Tortilla Factory lost profits, failed to obtain the market share it would otherwise have

26   obtained, and was denied a fair marketplace.

27   **FIRST CLAIM FOR RELIEF**

28

(False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a)

Against Better Booch and Does 1-10)

39.     Plaintiff incorporates by reference Paragraphs 1 through 38 above as though fully set forth herein.

40.     Better Booch has made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements and failures to disclose, including, among others, statements regarding the alcohol and, on information and belief, sugar content of Better Booch's Kombucha Products.

41.     These false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's customers.

42.     Better Booch's false and misleading advertising statements and omissions injure both consumers and Plaintiff.

43.     Better Booch's false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. §l 125(a).

44.     Better Booch has caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. §1116 restraining Better Booch, its agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all Better Booch's false advertisements.

45.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Better Booch the damages sustained by Plaintiff as a result of Better Booch's acts in violation of Lanham Act § 43(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Better Booch's acts.

46.     Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from

10

1 Better Booch the gains, profits and advantages that they have obtained as a result of its

2 acts. Plaintiff is at present unable to ascertain the full amount of the gains, profits and

3 advantages Better Booch has obtained by reason of its acts.

4      47.      Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the costs

5 of this action. Moreover, Plaintiff is informed and believes, and on that basis alleges, that

6 Better Booch's conduct was undertaken willfully and with the intention of causing

7 confusion, mistake or deception, making this an exceptional case entitling Plaintiff to

8 recover additional damages and reasonable attorneys' fees.

9                                **SECOND CLAIM FOR RELIEF**

10                       (False Advertising Under Cal. Bus. & Prof. Code § 17500

11                                        Against All Defendants)

12      48.      Plaintiff incorporates by reference Paragraphs 1 through 47 above as though

13 fully set forth herein.

14      49.      Better Booch knew or in the exercise of reasonable care should have known

15 that its publicly disseminated statements and omissions relating to its Kombucha Products

16 were false or misleading. Better Booch's false advertising statements and omissions injure

17 consumers and Plaintiff. Better Booch's false and misleading statements include, among

18 others, statements regarding the alcohol and sugar content of Better Booch's Kombucha

19 Products.

20      50.      By making such untrue or misleading statements, Better Booch has engaged

21 in false advertising in violation of the statutory law of the state of California, Cal. Bus. &

22 Prof. Code § 17500, et seq.

23      51.      By reason of Better Booch's conduct, Plaintiff has suffered injury in fact and

24 has lost money and/or property.

25      52.      Better Booch has caused, and will continue to cause, immediate and

26 irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for

27 which there is no adequate remedy at law. Plaintiff is entitled to an injunction restraining

28

1  Better Booch, its agents, employees, representatives and all persons acting in concert with

2  them from engaging in further such acts, and forbidding Better Booch from advertising its

3  Kombucha Products with the alcohol and sugar content currently advertised, and from

4  making other false statements in connection with the product.

5        53.     Plaintiff is further entitled to a restitutionary recovery from Better Booch.

6        54.     Finally, Plaintiff is informed and believes that the Distributors knew that

7  Better Booch was engaged in the foregoing wrongful conduct, that the Distributors gave

8  substantial assistance to Better Booch—including but not limited to by distributing the

9  Kombucha Products, and that Distributors' conduct was a substantial factor in causing the

10  aforementioned harm to Plaintiff.  Accordingly, Plaintiff is similarly entitled to both an

11  injunction restraining Distributors and restitutionary recovery from Distributors.

12                            **THIRD CLAIM FOR RELIEF**

13            (Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*

14                               Against All Defendants)

15        55.     Plaintiff incorporates by reference Paragraphs 1 through 54 above as though

16  fully set forth herein.

17        56.     Better Booch has made, published, disseminated, and circulated false,

18  deceptive, and misleading statements, representations, and advertisements in California

19  misrepresenting the characteristics of its Kombucha Products with the intent of selling,

20  distributing, and increasing the consumption of, and interest in, its Kombucha Products.

21        57.     Better Booch's conduct as alleged herein was unlawful, violating both

22  applicable federal and state statutes and regulations, including but not limited to the United

23  States Lanham Act, California Business and Professions Code provisions concerning

24  exclusivity, marketing, sales, and promotions of alcoholic beverages (e.g., Cal Bus & Prof

25  Code §§ 25000 et seq, 25502, 25503), and state and federal regulation of alcoholic

26  beverages once alcohol content reaches 0.5% ABV at any time during the manufacturing,

27  distribution, or sales processes (e.g. Cal. Alcoholic Beverage Control Act (Cal. B&P Code

28

1   23000 et seq); 27 CFR part 25).

2       58.     Better Booch's conduct as alleged herein constitutes unfair competition in

3   that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or

4   practices in violation of California Business & Professions Code § 17200, et seq.

5       59.     As a direct and proximate result of Better Booch's wrongful conduct,

6   Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's goodwill

7   with its existing, former and potential customers. Better Booch's conduct has also caused

8   damage to consumers.

9       60.     These wrongful acts have proximately caused and will continue to cause

10   Plaintiff substantial injury, including loss of customers, dilution of goodwill, confusion of

11   existing and potential customers, and diminution of the value of Plaintiff's products. The

12   harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the

13   amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue.

14   Plaintiff has no adequate remedy at law.

15       61.     Plaintiff is entitled to an injunction restraining Better Booch, its officers,

16   agents, employees, and all persons acting in concert with them from engaging in further

17   such unlawful conduct.

18       62.     Plaintiff is further entitled to a restitutionary recovery from Better Booch.

19       63.     Finally, Plaintiff is informed and believes that the Distributors knew that

20   Better Booch was engaged in the foregoing wrongful conduct, that the Distributors gave

21   substantial assistance to Better Booch —including but not limited to distributing the

22   Kombucha Products, and that the Distributors' conduct was a substantial factor in causing

23   the aforementioned harm to Plaintiff.  Accordingly, Plaintiff is similarly entitled to both an

24   injunction restraining Distributors and restitutionary recovery from Distributors.

25                                **PRAYER FOR RELIEF**

26   WHEREFORE, Plaintiff prays for judgment against Better Booch and the Distributors as

27   follows:

28

COMPLAINT FOR FALSE ADVERTISING

1        1.      For temporary, preliminary and permanent injunctive relief prohibiting

2   Better Booch, its agents, or anyone working for, in concert with or on behalf of Better

3   Booch from engaging in false or misleading advertising with respect to its Kombucha

4   Products and/or violating Lanham Act § 43(a), which relief includes but is not limited to

5   removal of all false or misleading advertisements and corrective advertising to remedy the

6   effects of Better Booch's false advertising.

7        2.      For an order requiring Better Booch to correct erroneous impressions any

8   persons may have derived concerning the nature, characteristics, or qualities of its

9   Kombucha Products, including without limitation, the placement of corrective advertising

10  and providing written notice to the public.

11       3.      That Better Booch be adjudged to have violated 15 U.S.C. §1125(a) by

12  unfairly competing against Plaintiff by using false, deceptive or misleading statements of

13  fact that misrepresent the nature, quality and characteristics of its Kombucha Products.

14       4.      That Better Booch and Distributors be adjudged to have unlawfully and

15  unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. &

16  Prof. Code § 17200, et seq.

17       5.      That Better Booch and Distributors be adjudged to have unfairly competed

18  against Plaintiff by engaging in false or misleading advertising under the laws of the State

19  of California, Cal. Bus. & Prof. Code § 17500, et seq.

20       6.      That Plaintiff be awarded damages Plaintiff has sustained in consequence of

21  Better Booch's and Distributors' conduct.

22       7.      That Plaintiff be awarded Better Booch's and Distributors' profits obtained

23  as a consequence of Better Booch's and Distributors' conduct.

24       8.      That such damages and profits be trebled and awarded to Plaintiff as a result

25  of Better Booch's willful, intentional and deliberate acts in violation of Lanham Act §

26  43(a).

27       9.      That Plaintiff recover its costs and reasonable attorneys' fees.

28

1        10.     That all of Better Booch's misleading and deceptive materials and products

2  be destroyed as allowed under 15 U.S.C. § 1118.

3        11.     That Plaintiff be granted prejudgment and postjudgment interest.

4        12.     That Plaintiff have such other and further relief as the Court deems just and

5  proper.

8  DATED: March 30, 2018      LEVATOLAW, LLP

10                     By:  /s/ Stephen D. Weisskopf

Stephen D. Weisskopf
Attorneys for Plaintiff TORTILLA FACTORY, LLC

15

COMPLAINT FOR FALSE ADVERTISING