**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANT BETTER BOOCH, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 15, filed June 15, 2018)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 23, 2018 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On April 9, 2018, plaintiff Tortilla Factory, LLC ("Tortilla Factory") filed suit against defendants Better Booch, LLC ("Better Booch"), KeHe Distirbutors, Inc. ("KeHe"), Hi-Touch Distribution, Inc. ("Hi-Touch"), Reliant Food Services, Inc. ("Reliant"), Los Angeles Distributing Company ("LA Distributing"), and Does 1 through 10, inclusive, alleging claims for (1) false advertising under California Business and Professions Code § 17500 ("FAL"), and (2) unfair competition under Business and Professions Code § 17200 ("UCL"). Dkt. 1 ("Compl.").[1] Plaintiff also alleges that Better Booch and Does 1 through 10 have engaged in (1) false advertising, in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125(a). Id.

On June 15, 2018, Better Booch filed a motion to dismiss all claims, asserting five different grounds for dismissal. Dkt. 15 ("Mot."). On June 27, 2018, defendant

---

[1] Collectively, KeHe, Hi-Touch, Reliant, and LA Distributing are referred to as "defendant distributors."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

distributors joined in Better Booch's motion to dismiss. Dkt. 19 ("Joinder"). On July 2, 2018, Tortilla Factory filed its opposition, dkt. 22 ("Opp'n"); and defendants filed a joint reply in support of the motion to dismiss on July 9, 2018, dkt. 23 ("Reply").

## II. BACKGROUND

In its complaint filed April 9 2018, plaintiff Tortilla Factory alleges the facts as follows.

Tortilla Factory is a Los Angeles-based limited liability company that manufactures kombucha drinks under the brand name "Kombucha Dog." Compl. ¶ 1. Better Booch is a limited liability company based in Huntington Park, California, that also manufactures kombucha drinks. Id. ¶ 2. KeHe, Los Angeles, Reliant Food, and Hi-Touch are distributors that purchase and distribute Better Booch's kombucha drinks in California and nation-wide. Id. ¶ 2.

Kombucha is a fermented beverage produced from steeped tea, sugar, yeast, and bacteria. Id. ¶ 14. It is marketed as a healthy beverage with low sugar content and high probiotics and associated acids. Id. The fermentation process necessarily produces alcohol. Id. ¶ 15. If the alcohol content of a kombucha product is 0.5 percent or more by volume, then the product must be regulated as an alcoholic beverage under federal law and Alcohol and Tobacco Tax and Trade Bureau ("TTB") regulations. Id. ¶ 15 (citing Kombucha Information and Resources, (Sept. 7, 2018), https://www.ttb.gov/kombucha/kombucha-general.shtml.). Alcoholic kombucha also has a more limited consumer market, as minors are unable to purchase the product. ¶ 34.

Tortilla Factory began selling kombucha under the brand name "Kombucha Dog" in 2010. Id. ¶ 18. Because Kombucha Dog's products have an alcohol content of 0.5 percent or more by volume, its products are regulated as alcoholic beverages, subject federal law and TTB regulations. Id. ¶ 19. In 2012, Better Booch entered the kombucha market. Id. ¶ 22. In contrast to Kombucha Dog, Better Booch markets its products as containing less than 0.5 percent alcohol by volume. Id. ¶ 23.

Tortilla Factory alleges that Better Booch's products do, in fact, contain an alcohol content more than 0.5 percent by volume, despite the fact that Better Booch "advertises, markets and promotes" its beverages as non-alcoholic. Id. ¶ 24. Plaintiff explains that, in 2017, it employed a third-party lab to conduct headspace gas chromatography testing,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

which indicated that Better Booch's kombucha had between 1.9 percent and 2.7 percent alcohol by volume. Id. ¶ 28. Plaintiff further alleges that Better Booch knowingly misrepresents that its products only contains trace amounts of alcohol, less than 0.5 percent, and has consequently led customers to be confused and misled. Id. ¶ 26.

"Upon information and belief," Tortilla Factory also alleges that Better Booch "understate[s] the sugar content of [its] drinks, to mislead customers into believing the products are healthier than other kombucha drinks on the market." Id. ¶ 29. Plaintiff explains that sugar content is an important factor in consumer choice, particularly because kombucha is marketed as a beverage with health benefits. Id. ¶ 30. Better Booch products are marketed as containing 5 grams of sugar, but on "information and belief," Tortilla Factory contends that the accuracy of the listed sugar content is "highly unlikely." Id. ¶ 31.

Tortilla Factory alleges that Tortilla Factory's Kombucha Dog and Better Booch are "direct competitor[s]," "vying for the same dollars from the same consumers." Id. ¶ 32. Tortilla Factory therefore asserts that through its false advertisements about the alcohol and sugar content in its beverages, Better Booch knowingly gained an unfair advantage in the marketplace. Id. ¶¶ 32, 34. Further, Tortilla Factory alleges that Better Booch's distributors were aware of Better Booch's wrongful conduct. Id. ¶ 26. Despite this knowledge, plaintiff alleges that defendant distributors continued to distribute Better Booch's products, providing "substantial assistance to Better Booch," in violation of applicable state and federal law. Id. ¶¶ 36–37. "As a direct and proximate result" of the alleged misconduct, plaintiff reports injury, including lost profits and "loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Plaintiff's products." Comp. ¶ 38, 60.

Defendants filed this motion to dismiss on June 15, 2018. In support of its motion to dismiss, Better Booch asserts that Tortilla Factory fails to establish standing, and that Tortilla Factory's claims (1) are time-barred, (2) were not pled with the requisite particularity, (3) seek relief unavailable as a matter of law, and (4) fail to state a claim against defendant distributors. Plaintiff replies that its pleadings are adequate. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

Better Booch moves to dismiss Tortilla Factory's complaint on five separate grounds. First, Better Booch argues that Tortilla Factory lacks standing because it failed to sufficiently allege causation and harm resulting from Better Booch's alleged false advertising practices. Second, Better Booch asserts that all of Tortilla Factory's claims are time-barred by either the applicable statute of limitations or the doctrine of laches. Third, Better Booch contends that Tortilla Factory has failed to allege its claims with the requisite particularity. Fourth, Better Booch argues that Tortilla Factory seeks relief that is unavailable as a matter of law. Finally, Better Booch asserts that Tortilla Factory failed to plead facts sufficient to claim distributor liability.

### A. Standing

Better Booch claims that Tortilla Factory fails to sufficiently allege causation and harm, and thus lacks standing. Mot. at 15. The standing requirements under California's FAL and UCL and the federal Lanham Act are generally the same: Plaintiffs must demonstrate that they suffered an injury in fact, proximately caused by defendants unfair business practice and/or false advertisement. Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1048 (9th Cir. 2017) (explaining that standing under California's UCL and FAL requires plaintiffs to "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim"); see also Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 133 (2014) ("[A] plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising . . . .")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

For the Lanham Act, this injury requirement is met "if 'some consumers who bought the defendant['s] product under [a] mistaken belief' fostered by the defendant 'would have otherwise bought the plaintiff['s] product.'" TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 825 (9th Cir. 2011) (citing Joint Stock Soc'y v. UDV N. Am., Inc., 266 F.3d 164, 177 (3d Cir. 2001)). Importantly, a "plaintiff can prove his injury using 'actual market experience *and* probable market behavior,'" and thus a "plaintiff who can't produce lost sales data may therefore establish an injury by creating a chain of inferences showing how defendant's false advertising could harm plaintiff's business." TrafficSchool.com, Inc., 653 F.3d at 825. Additionally, "when [a] plaintiff competes directly with [a] defendant, a misrepresentation will give rise to a presumed commercial injury that is sufficient to establish standing." Id. at 827. For California's UCL claims, where a "[p]laintiff has alleged an economic injury in the form of lost customers and sales revenue . . .[t]hat is sufficient to satisfy standing under the UCL." Luxul Tech. Inc. v. Nectarlux, LLC, 78 F. Supp. 3d 1156, 1174 (N.D. Cal. 2015) (citing Kwikset Corp. v. Superior Court, 51 Cal. 4th 310 (2011)).

In support of its claim that Tortilla Factory lacks standing, Better Booch contends that there are two separate kombucha markets, one alcoholic and one non-alcoholic; consequently, because these parties cater to different markets, Better Booch states that Tortilla Factory "does not—as it cannot—draw any link between the purported misrepresentations and any lost sales or goodwill." Mot. at 15–16. Defendants argue that "it is implausible that a consumer who learned that Better Booch had more alcohol than expected would instead purchase [plaintiff's] admittedly alcoholic kombucha. Id. at 14. In response, Tortilla Factory contends that there is only one kombucha market, comprised of health-conscious consumers. Opp'n at 16–17. More to the point, Tortilla Factory's complaint alleges that the parties are "direct competitor[s]," "vying for the same dollars from the same consumers . . . ." Compl. at 7. Based on its position that the parties directly compete, plaintiff argues that Better Booch's alleged misstatements have led to a diversion of Tortilla Factory's sales. Id. at 9. Plaintiff further notes that "it would be the height of inequity if companies were able to insulate themselves from claims for false advertising by arguing that their lies created a different customer base from the competitors." Opp'n at 17.

The Court finds that Tortilla Factory has standing to sue. Plaintiff alleges injury, including lost profits and "loss of customers, dilution of goodwill, confusion of existing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES - GENERAL | | 'O' |
| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

and potential customers, and diminution of the value of Plaintiff's products." Comp. ¶ 38, 60. This satisfies the UCL. The Court accepts, as it must, the factual allegations in Tortilla Factory's complaint. Accordingly, the Court accepts as true plaintiff's claim that Tortilla Factory and Better Booch are direct competitors, and that Better Booch falsely represented its alcohol content. This gives "rise to a presumed commercial injury that is sufficient to establish standing." TrafficSchool.com, Inc., 653 F.3d at 827. The Court further agrees with plaintiff that it would make no sense to conclude that two markets for kombucha exist, merely because certain manufacturers have falsely advertised the alcoholic content in their beverages. While the Court acknowledges that Better Booch's question of why a consumer would choose to buy an alcoholic kombucha, like Tortilla Factory's, upon learning that Better Booch's product also contained alcohol, may be relevant, for present purposes it is sufficient that Tortilla Factory has alleged that, had Better Booch disclosed its products' alleged alcohol levels, Tortilla Factory would have enjoyed more sales.

Accordingly, defendants' motion to dismiss is **DENIED**, on the grounds that Tortilla Factory lacks standing.

### B.     Timeliness

Better Booch argues that Tortilla Factory's California Business Code claims are time-barred by the applicable statute of limitations, and that all of Tortilla Factory's claims, including the Lantham Act claim, are barred by the doctrine of laches. Mot. at 8. Plaintiff contends its claims are timely. Opp'n. at 6 – 12.

The statute of limitations for California Business Code Sections 17200 and 17500 is four years. Cal. Bus. & Prof. Code § 17208 (West). The statute of limitations generally runs from the time the "last element" of the alleged misconduct occurs. El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1039 (9th Cir. 2003) (citing April Enter., Inc. v. KTTV and Metromedia, Inc., 147 Cal. App. 3d 805, 825 (1983)). However, common law accrual rules apply to California's unfair competition statute of limitation, and these accrual rules include the "discovery rule." Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1197 (2013). The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Id. at 1992. Generally, in California, "[i]f the plaintiff believes that someone has done something wrong because of the damages suffered by her, such a fact is sufficient to alert a plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

'to the necessity for investigation and pursuit of her remedies.'" McGee v. Weinberg, 97 Cal. App. 3d 798, 803 (Ct. App. 1979). It is at this point of actual or inquiry discovery that a plaintiff "must conduct a reasonable investigation about the cause of his injury and is subsequently charged with the presumptive knowledge of the information that would have been revealed by such an investigation." Philips v. Ford Motor Co., No. 14-CV-02989-LHK, 2015 WL 4111448, at *7 (N.D. Cal. July 7, 2015) (citing Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 920 (2005)). Before a plaintiff can invoke the discovery rule, "plaintiff must plead facts showing (1) the 'time and manner of discovery' and (2) the 'inability to have made earlier discovery despite reasonable diligence' in investigating. . . . The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand a motion to dismiss.." Id. at *7 (citing Fox, 35 Cal. 4th at 808).

Laches is an equitable defense that applies where there is "an unreasonable delay by the plaintiff and prejudice to [the defendant]." Pipe Restoration Techs., LLC v. Pipeline Restoration Plumbing, Inc., No. SACV 13-00499-CJC(RNBX), 2014 WL 12573357, at *2 (C.D. Cal. July 8, 2014) (citing Danjaq LLC v. Sony Corp., 263 F.3d 942, 951 (9th Cir. 2001)). In determining whether a plaintiff's delay was unreasonable. courts consider: "(1) the length of the delay, measured from the time the plaintiff knew or should have known about his potential cause of action, and (2) whether the plaintiff's delay was reasonable, including whether the plaintiff has proffered a legitimate excuse for his delay." Pipe Restoration Techs., LLC, No. SACV 13-00499-CJC(RNBX), 2014 WL 12573357, at *3 (citing Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 997 (9th Cir. 2006). Although the doctrine of laches and a statute of limitations defense are distinct defenses, a laches determination is made "with reference to the limitations period for the analogous action at law." Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002). Thus, because the Lanham Act has no explicit statute of limitations, courts typically "borrow" California's three-year statute of limitations period for fraud. Id. at 838 (citing Reed v. United Transp. Union, 488 U.S. 319, 324 (1989)); see Cal. Civ. Proc. Code § 338(d) (West). The applicable limitations period begins to run "from the time the plaintiff knew or should have known about his § 43(a) cause of action." Id. at 838. The presumption is that laches applies where an action was filed after the analogous statute of limitations has run. Pipe Restoration Techs., LLC, No. SACV 13-00499-CJC(RNBX), 2014 WL 12573357, at *2 (citing Jarrow, 304 F.3d at 837).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

Where laches is presumed to apply, as here, the moving party must then demonstrate that the delay was unreasonable, and that the moving party would suffer prejudice if the suit were to continue. Jarrow, 304 F.3d at 838. Two forms of prejudice can give rise to a laches defense: (1) evidentiary prejudice, where a defendant loses evidence as a result of plaintiff's delay, or (2) expectations-based prejudice, where "a defendant took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly." Eat Right Foods Ltd. v. Whole Foods Mkt., Inc., 880 F.3d 1109, 1119 (9th Cir. 2018) (citations omitted). "Only expenditures made after a plaintiff 'knew or should have known about the potential claim' will support a finding of expectations-based prejudice." Id. at 1120.

Better Booch asserts that Tortilla Factory's FAL and UCL claims are barred by the four-year statute of limitations established under Section 17208 because the statute of limitations began to run in 2012, when a "reasonable person in plaintiff's position would have discovered the wrongdoing." Mot. at 8. (quoting Free Kick Master v. Apple Inc., No. 15-cv-3403-PJH, 2016 WL 777916, at *8 (N.D. Cal. Feb. 29, 2016)). Better Booch began production of kombucha in 2012, and Better Booch points to plaintiff's complaint to show that plaintiff knew about Better Booch's presence on the marketplace at that time. Additionally, Better Booch argues that the doctrine of laches bars the claim under the Lanham Act in addition to the FAL and UCL claims, because Tortilla Factory's delay was unreasonable and caused prejudice to Better Booch. Mot. at 9.

In response, Tortilla Factory argues that its claims are timely because it filed suit less than a year after testing Better Booch's products and learning of the misconduct. Opp'n. at 7. Plaintiff further explains that there is no evidence that it knew of Better Booch in 2012, and plaintiff contends that even if it did know of Better Booch in 2012, plaintiff would have had no knowledge of its alleged misconduct at that time, and was under no duty to test Better Booch's products to learn of any misconduct. Id. Plaintiff thus asserts that the triggering event is when plaintiff tested defendant's product in 2017, and therefore plaintiff's claims are timely. Opp'n at 12. On the issue of laches, Tortilla Factory asserts that there was no unreasonable delay which unduly prejudices Better Booch, and plaintiff argues that there is a strong public interest in having the suit proceed given the danger of undisclosed alcohol content to consumers. Id. at 6–10.

The Court finds that the claims may be barred by the applicable statute of limitations and the doctrine of laches, unless plaintiff can plead facts justifying its belated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

discovery. As plaintiff's complaint asserts, plaintiff began distributing kombucha in 2010 and Better Booch began production of its kombucha in 2012. Compl. ¶¶ 4, 22. Although plaintiff does not state that it specifically knew of Better Booch in 2012, plaintiff calls them "direct competitors[s]" who have been competing for customers "at all times relevant to this action." Id. ¶ 32. Still, plaintiff did not test the alcohol content in defendant's product until 2017. Opp'n at 4. To this day, plaintiff seemingly has not tested the sugar content. Plaintiff pleads no facts to explain why it delayed its investigation until 2017; instead, plaintiff asserts that it had no duty to test its competitor's products. Opp'n at 7-8, 12.

Contrary to plaintiff's assertions, however, the case law requires that reasonable investigation begin upon injury. McGee, 97 Cal. App. 3d at 803. Although the discovery rule can postpone the triggering event until a plaintiff discovers, or has reason to discover, its cause of action, Tortilla Factory has pled no facts to explain why it could not have discovered defendant's alleged misconduct until 2017. Accordingly, plaintiff's complaint is time-barred.

With regard to the doctrine of laches, because plaintiff offer no explanation for its delayed filing, the Court finds the delay was also unreasonable. Defendants also argue that they will suffer prejudice given the "significant financial investment and resources to produce and market its brand of products" as they currently are manufactured. Mot. at 12. Defendants further note that the discovery demands will be considerably greater because the suit will address a six-year period, as opposed to three or fewer. Reply at 7. The Court agrees with defendants that this constitutes undue prejudice. See Pipe Restoration Techs., LLC, No. SACV 13-00499-CJC (RNBX), 2014 WL 12573357, at *3 (finding prejudice to defendants because "[i]f [plaintiff] had brought their claims earlier, [defendants] could have invested their time and money elsewhere or simply stopped stating that their product is [] certified").

Accordingly, regarding both the relevant statute of limitations and the doctrine of laches, the Court **GRANTS** defendant's motion to dismiss with leave to amend.

### C. Particularity

Defendants also argue that plaintiff does not allege its claims with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). Mot. at 13. Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

with particularity, and the standard applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "sounds in fraud" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies solely on that conduct to prove a claim. Id. "In that event . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. The Ninth Circuit has applied the Rule 9(b) particularity standard to both California's UCL and FAL claims. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1122 (9th Cir. 2009) (applying Rule 9(b) to Cal. Civ. Code §§ 1750–1784, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210). Although the Ninth Circuit has not specifically addressed whether Rule 9(b) applies to Lanham Act claims, many courts have concluded that the heightened standard should apply because Lanham Act claims are grounded in fraud. See Bobbleheads.com, LLC, 259 F. Supp. 3d at 1095; See also Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l., 957 F. Supp. 2d 1189, 1200 (S.D. Cal. 2013). The Court adopts that position, as well.

    A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a plaintiff allege a false statement, and the "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), superseded by statute on other grounds as stated in SEC v. Todd, 642 F.3d 1207, 1216 (9th Cir.2011). Thus, Rule 9(b) requires a plaintiff to "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 964 (9th Cir. 2018) (quoting Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).

    "Allegations of the circumstances of a fraud based on information and belief, which are commonplace and often a necessity in many litigation contexts, usually do not satisfy the particularity requirement of Rule 9(b), unless accompanied by a statement of the facts upon which the pleader's belief is founded." 5A Charles A. Wright & Arthur R. Miller, Pleading Fraud With Particularity—Extent of Requirement, Federal Practice and Procedure, § 1298 (3d ed. 2004). The Ninth Circuit has held that this requirement "may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

be relaxed with respect to matters within the opposing party's knowledge[, because] in such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts. . . . However, this exception does not nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state the factual basis for the belief." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) (internal citations omitted). But where possible, "[p]laintiffs must conduct a reasonable investigation into their claims and plead at least some facts to bolster their 'belief' that" defendants' claims are false. Jacobo v. Ross Stores, Inc., 2016 U.S. Dist. LEXIS 86958, *9.

     Defendants argue that plaintiff has not alleged facts sufficient to satisfy Rule 9(b)'s heightened pleading standard. Specifically, defendants argue that plaintiff's allegation on "information and belief," as opposed to scientific testing, fails Rule 9(b) as a matter of law. Mot. at 13. Defendant asserts that plaintiff must prove defendants' false statement; it cannot ask defendant to substantiate its advertisement. Reply at 9. With regard to plaintiff's claims alcohol content allegations, defendants explain that California law permits a manufacturer to test their beverage using any of multiple approved testing methodologies. Mot. at 14. Therefore, defendant argues that plaintiff's use of a singular alcohol testing method is inadequate; to plead with particularity, defendants assert that plaintiff must employ *all* testing methodologies to sufficiently plead its facts. Id. at 15. Defendants identify multiple non-binding cases, many out of circuit, that dismiss claims about false advertising regarding food products because plaintiffs did not substantiate their claims with results from testing methodologies that are prescribed by law. Id.; see Burke v. Weight Watchers Intern, Inc., 983 F. Supp. 2d 478 (D.N.J. 2013); Salazar v. Honest Teat, Inc., 74 F. Supp. 3d 1304 (E.D. Cal. 2014).

     Although Tortilla Factory agrees that these claims are governed by the heightened pleading standard for fraud, it responds by arguing that claims based on "information and belief" can satisfy Rule 9(b). Opp'n. at 13. Plaintiff adds that, with regard to its claims that defendants misrepresent their sugar content, "[g]iven Tortilla Factory's knowledge of the kombucha manufacturing process, such representations are almost assuredly false." Id. Tortilla Factory also argues that it is under no obligation to employ all alcohol testing methodologies. Id. at 14.

     The Court finds that plaintiff's alcohol claim satisfies the heightened pleading standard of Rule 9(b). Tortilla Factory alleges that it employed a third-party to utilize the headspace gas chromatography combined with mass spectrometry from a third-party lab

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

to test Better Booch's product, and that this test indicated that defendants' product contained roughly four to five times the limit for beverages considered non-alcoholic. Compl. at 7. These results thus contradict the representations Better Booch makes on its product, seeing as Better Booch "advertises, markets and promotes [its] Kombuca Products as being non-alcoholic beverages." Id. at 6. These allegations thus answer the "who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." Davidson, 889 F.3d at 964.

Additionally, the Court disagrees with defendants' assertion that Tortilla Factory must have employed each of the approved testing methods to support its allegations. Tortilla Factory alleges that it employed an accepted testing methodology, and Better Booch does not contest this. Better Booch contends that because a producer may use *any* of multiple test to determine its alcohol content, Tortilla Factory must use all tests in order to disprove Better Booch's claim. Otherwise, Better Booch argues, "Tortilla Factory is effectively saying that one positive test result renders all others null and void." Reply at 10. However, Better Booch cites no Ninth Circuit authority on this issue, and the cases it does cite do not persuade the Court that Rule 9(b) requires Tortilla Factory to use every testing methodology. The courts in Burke v. Weight Watchers Intern, Inc., 983 F. Supp. 2d 478 (D.N.J. 2013), and Salazar v. Honest Teat, Inc., 74 F. Supp. 3d 1304 (E.D. Cal. 2014), dismissed claims because they found that a plaintiff was required to follow the precise, enumerated testing methods required by the FDCA. Specifically, the courts found that, given FDCA's mandated methods, claims based on any other method were preempted. In Burke, a safe harbor provision also applied, which is not the case here. Burke, 983 F. Supp. at 483. Similarly, in Bruaner v. MusclePharm Corp., No. CV-14-8869 FMO (AGRX), 2015 WL 4747941 (C.D. Cal. Aug. 11, 2015), plaintiff did not allege that it employed an FDA-approved test, in contrast to here—where plaintiff alleges it utilized an approved test. In the other cases cited by defendants, plaintiffs were required to employ multiple testing methods to establish probability of success to obtain a preliminary injunction. See Procter & Gamble Co. v. Chesebrough-Pond's Inc., 588 F. Supp. 1082, 1094 (S.D.N.Y.), aff'd, 747 F.2d 114 (2d Cir. 1984); Pamlab, L.L.C. v. Seton Pharm., LLC, No. 10 CIV 7680 (KMW), 2010 WL 4983170, at *1 (S.D.N.Y. Dec. 6, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

The Court recognizes that the Alcohol and Tobacco Tax and Trade Bureau permits kombucha producers to use any of a variety of approved tests, and that it is possible that different testing methodologies may yield different results. However, at this stage, the Court cannot simply accept Better Booch's claim that its kombucha product contains less than 0.5% alcohol, as proven by a different testing methodology, and therefore its advertising claims are true. To the contrary, at the pleading stage, the Court must assume as true plaintiff's allegations that it employed a third-party to test defendants' product's alcohol content, and found that Better Booch's representations about its alcohol content were false. This satisfies the Rule 9(b) standard. See Tortilla Factory, LLC v. Health-Ade LLC, et al., No. 17-CV-9090-MWF (AFMx) Dkt. 45, slip op. at 16–18 (C.D. Cal. Jul. 16, 2018) (finding, in a similar case, that plaintiff Tortilla Factory's use of a single testing methodology satisfied 9(b)'s pleading standard). Better Booch's arguments about the need for numerous tests may be more appropriate at the summary judgement phase.

Accordingly, by alleging specific facts based on approved testing methodologies, the Court finds that plaintiff satisfied Rule 9(b). Therefore defendants' motion to dismiss is **DENIED** as to each of Tortilla Factory's claims to the extent that they are premised upon Better Booch's alleged false representation of its product's alcohol content.

With regard to plaintiff's claim that defendants misrepresent the sugar content in their products, the Court finds that plaintiff fails to allege facts with sufficient particularity to withstand defendants' motion to dismiss. Its claim based on "information and belief" is inadequate because plaintiff alleges no specific facts to substantiate its false advertising claims. It merely states that "given the manufacturing process for a true kombucha product, . . . it is highly unlikely that [Better Booch's kombucha's] sugar level is accurate." Compl. at 7. Under Rule 9(b), speculation as to the likelihood of fraud does not suffice. See Tortilla Factory, LLC v. Health-Ade LLC, et al., No. 17-CV-9090-MWF (AFMx) Dkt. 45, slip op. at 14–15 (C.D. Cal. Jul. 16, 2018) (finding, in a similar case, that plaintiff Tortilla Factory's allegations based on "information and belief" did not satisfy Rule 9(b)'s particularity requirement).

Accordingly, Better Booch's motion to dismiss is **GRANTED** *without prejudice* as to each of Tortilla Factory's claims to the extent to which they are premised upon Better Booch's alleged false sugar content representations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

### D. Relief

Better Booch also moves to dismiss Tortilla Factory's claim because it argues that Tortilla Factory seeks relief that is not available as a matter of law under the UCL. For its UCL and FAL claims, Tortilla Factory seeks both an injunction and restitution. Compl. ¶¶ 52-53, 61-62. Better Booch contends that equitable relief is unavailable, however, because plaintiff's UCL claims are predicated on California alcohol beverage control laws ("ABC"), which are in the exclusive control of the Department of Alcoholic Control ("Department"). Mot. at 19 – 20. Better Booch continues that Tortilla Factory's request for restitution is improper because Tortilla Factory actually seeks nonstationary disgorgement. Id. at 20.

As the California Supreme Court has explained, "While the scope of conduct covered by the UCL is broad, its remedies are limited. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003). The UCL makes specific relief available:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203 (West). Accordingly, damages are not available under the UCL, only injunctive relief and restitution. Korea Supply Co., 29 Cal. 4th at 1144 ("We have stated that under the UCL, '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'"). Because "[t]he object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest," restitution recoveries are limited only to returning money or property once in the possession of the plaintiff, or in which the plaintiff had a vested interest. Id. at 1149. "Compensation for a lost business opportunity is a measure of damages and not restitution to the alleged victims." Id. at 1151 (quoting MAI Systems Corp. v. UIPS 856 F.Supp. 538, 542 (N.D.Cal.1994)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

However, even if the available damages are limited, "the unfair competition law's scope is broad. . . . By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). Importantly, "[u]nless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state." Cal. Bus. & Prof. Code § 17205 (West). For this reason, California courts have recognized that, "even where a state agency may have jurisdiction over a licensee, the UCL may provide a private remedy." Wiseman Park, LLC v. S. Glazer's Wine & Spirits, LLC, 16 Cal. App. 5th 110, 130 (Ct. App. 2017). With regard to the authority of the Department of Alcoholic Beverage Control, the court in Wiseman Park thus found that the Department had exclusive jurisdiction with licensing and regulating the manufacturing, sales, importation, etc. of alcoholic beverages, and was singularly vested with the power to deny, spend, or revoke licenses. Id. at 132. However, this did not bar UCL claims or appropriate relief predicated on violations ABC laws. Id.

The Court agrees with defendant that plaintiff seeks nonrestitutionary disgorgement in this case, which is unavailable to them under the UCL. Although Tortilla Factory states that it is entitled to restitution recovery from Better Booch in the form of diverted profits, it does not demonstrate that it was either once in possession of property wrongfully acquired by Better Booch, or that it had a vested interest in Better Booch's allegedly wrongfully obtained profits. Instead, plaintiff's request for relief compensating its "loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Plaintiff's products," comp. ¶ 60; more closely amounts to "[c]ompensation for a lost business opportunity [which] is a measure of damages and not restitution to the alleged victims." Korea Supply, 29 Cal. 4th at 1151. Accordingly, plaintiff may not seek this relief under the UCL, as a matter of law.

However, the Court finds that plaintiff properly seeks injunctive relief under the UCL. "Even where a state agency may have jurisdiction over a licensee, the UCL may provide a private remedy," and here, plaintiff's requested relief does not meddle in the exclusive jurisdiction of the Department. Plaintiff seeks an injunction enjoining defendants from misconduct and "forbidding Better Booch from advertising its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　'O'

| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

Kombucha Products with the alcohol and sugar content currently advertised, and from making other false statements." Compl. ¶ 52, 61. Contrary to defendants' contention that plaintiff seeks to "control" defendants' sale of its beverage, reply at 15; plaintiff does not seek an order enjoining defendants from seeking a license, or to be denied one. Although some of defendants' allegedly false advertisements pertain to alcohol, and although plaintiff alleges that this misrepresentation has permitted defendants to sell alcoholic beverages in the non-alcoholic beverage market, the relief sought by plaintiff is focused on defendants' alleged commercial misconduct. Even if defendants must eventually apply to the Department for a license, that does not mean that plaintiff is seeking to "control" defendants' marketing and sales; nor does it indicate that plaintiff seeks relief that is within the exclusive jurisdiction of the Department. Accordingly, defendants' motion to dismiss is **DENIED** on the grounds that plaintiff seeks equitable relief that is unavailable.

### F. Claims against Distributors

Grouping the four defendant distributors into a single claim, Tortilla Factory alleges on information and belief that defendant distributors also violated California's UCL and FAL laws because (1) the distributors were aware of Better Booch's alleged misconduct, (2) they provided substantial assistance, and (3) they were a substantial factor in causing plaintiff's harm. Compl. ¶ 36–37. Defendants move to dismiss the claims against defendant distributors on the grounds that Tortilla Factory did not plead facts showing defendant distributors' knowledge and personal participation in the alleged misconduct. Mot. at 21–22. Tortilla Factory replies that its allegations based on "information and belief" satisfied the pleading standard, and that it is "implausible" to believe that defendant distributors lack awareness of Better Booch's false advertising. Additionally, Tortilla Factory requests that if the Court dismisses these claims, it dismisses them with leave to amend, such that Tortilla Factory can amend the complaint to allege a direct cause of action against the distributors. Reply at 25.

In general, "[t]he concept of vicarious liability has no application to actions brought under the unfair business practices act." People v. Toomey, 157 Cal. App. 3d 1, 15 (1984)). "Under California law, a defendant's liability for unfair business practices must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices." In re Hydroxycut Mktg. & Sales Practices Litig. v. Iovate Health Services Group, Inc., 299 F.R.D. 648, 656 (S.D. Cal. 2014) (citing Emery v. Visa

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

Int'l Serv. Ass'n, 95 Cal. App. 4th 952, 960 (2002)). This requires a plaintiff to specifically allege that a defendant had knowledge of the illegal conduct, and demonstrate participation. See Schulz v. Neovi Data Corp., 152 Cal. App. 4th 86, 97 (2007) (dismissing plaintiff's UCL claim where plaintiff did "not sufficiently allege [defendants'] knowledge of the alleged illegal [conduct] or facts showing 'substantial assistance or encouragement.'"). Additionally, because Tortilla Factory's fraud-like false advertising claims are governed by Rule 9(b), it must "differentiate [its] allegations … and inform each defendant separately of the allegations surrounding [its] alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal quotation marks and citations omitted).

The Court finds that the claims against defendant distributors should be dismissed. Tortilla Factory alleges that the distributors knew of Better Booch's alleged violations and provided substantial assistance to Better Booch, but plaintiff provides no basis for this allegation aside from its "information and belief." Compl. ¶¶ 36-37. Plaintiff certainly does not allege facts demonstrating defendant distributors' "personal 'participation in the unlawful practices' and 'unbridled control' over the practices." In re Hydroxycut Mktg., 299 F.R.D. at 656. In support of its contention that the defendant distributors had knowledge of Better Booch's alleged false advertising, plaintiffs argue that, given the notice provided by this lawsuit, "it is implausible at this point to think that [the distributors] are not aware [of Better Booch's alleged false advertising]. . . At a minimum, the allegations in the Complaint provide notice to the Distributors that they are improperly distributing Better Booch's alcoholic beverages." Opp'n at 23. However, even if defendant distributors may now know that plaintiff alleges that defendants have engaged in false advertising, it still does not support plaintiff's claim that distributors possessed the requisite knowledge for these UCL and FAL claims. In order to properly substantiate its claim, plaintiff must allege the distributors' knowledge of Better Booch's misconduct *before* this suit began, at the time when plaintiff alleges the distributors' unspecified misconduct caused plaintiff's injury.

Furthermore, even if plaintiff established that defendant distributors knew of Better Booch's alleged false advertising, plaintiff still fails to demonstrate the distributors' control and/or participation in the misconduct. See In re Jamster Mktg. Litig., No. 05-CV- 0819 JM (CAB), 2009 WL 1456632, at *8 (S.D. Cal. May 22, 2009) (finding that a cable company's knowledge "of complaints concerning [a content provider's] deceptive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:18-cv-02980-CAS(SKx) | Date | September 13, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

marketing is insufficient to show that [the cable company] controlled, participated, approved, marketed or otherwise adopted [the content provider's] advertising practices"). Although plaintiff asserts that the distributors assisted Better Booch by selling its allegedly falsely-advertised product, plaintiff does not identify a single case in which a court permitted a false advertising claim to proceed against a distributor whose only alleged wrong was selling a mislabeled product. "Holding retailers liable for all statements made on products that they sell would impose the type of secondary liability that has been rejected by courts." In re Hydroxycut Mktg., 299 F.R.D. at 657. In the present case, the Court finds dismissal of the claims particularly appropriate because Tortilla Factory fails to allege facts as to each distributor which specify their control of or participation in defendants' misconduct. Instead, plaintiff groups the distributors together, which fails Rule 9(b)'s mandate that a plaintiff "differentiate [its] allegations … and inform each defendant separately of the allegations surrounding [its] alleged participation in the fraud." Swartz, 476 F.3d at 764-65.

Accordingly, the Court **DISMISSES** *with leave to amend* all claims against defendant distributors with leave to amend.

## V. CONCLUSION

In accordance with the foregoing, the Court **DISMISSES** *with leave to amend* plaintiff's claims. Plaintiff shall file its amended complaint within 30 days of the date of this order.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |