| Case No. | 2:18-cv-02980-CAS-SKx | Date | November 26, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Christopher Stiner      Jose-Manuel De Castro

**Proceedings:**    DEFENDANT BETTER BOOCH, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 27, filed October 24, 2018)

## I. INTRODUCTION

On April 9, 2018, plaintiff Tortilla Factory, LLC ("Tortilla Factory") filed suit against defendants Better Booch, LLC ("Better Booch"), KeHe Distributors, Inc., Hi-Touch Distribution, Inc., Reliant Food Services, Inc., Los Angeles Distributing Company, and Does 1 through 10, inclusive, alleging claims for (1) false advertising under California Business and Professions Code § 17500 ("FAL"), and (2) unfair competition under California Business and Professions Code § 17200 ("UCL"). Dkt. 1 ("Compl."). Plaintiff also alleged that Better Booch and Does 1 through 10 engaged in (1) false advertising, in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125(a). Id.

On June 15, 2018, Better Booch filed a motion to dismiss all claims, asserting five different grounds for dismissal. Dkt. 15. Pursuant to that motion to dismiss, the Court dismissed plaintiff's complaint with leave to amend. Dkt. 25 ("MTD Order"). Plaintiff filed an amended complaint on October 12, 2018. Dkt. 26 ("FAC"). In its amended complaint, plaintiff alleges the same claims against defendant Better Booch and Does 1 through 10, inclusive. FAC ¶¶ 35, 44, 50.

Defendant moved to dismiss plaintiff's first amended complaint on October 24, 2018. Dkt. 27 ("Mot"). On November 5, 2018, plaintiff filed an opposition. Dkt. 28 ("Opp'n"). On November 9, 2018, defendant filed a reply. Dkt. 29 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02980-CAS-SKx | Date | November 26, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

The Court held a hearing on November 26, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

In its first amended complaint, filed on October 12, 2018, plaintiff Tortilla Factory alleges the facts as follows.

Plaintiff Tortilla Factory is a Los Angeles-based limited liability company that manufactures kombucha drinks under the brand name "Kombucha Dog." FAC ¶ 1. Defendant Better Booch is a limited liability company based in Huntington Park, California, that also manufactures kombucha drinks. Id. ¶ 2.

The term "kombucha" generally refers to a fermented beverage produced from steeped tea, sugar, yeast, and bacteria. Id. ¶ 10. The fermentation process can produce an alcohol content of 0.5% or more by volume. Id. ¶ 11. If the alcohol content of a kombucha product is 0.5% or more by volume, then the product must be regulated as an alcoholic beverage under federal law and Alcohol and Tobacco Tax and Trade Bureau ("TTB") regulations. Id. ¶¶ 11 – 12 (citing Kombucha Information and Resources, (Sept. 18, 2018), https://www.ttb.gov/kombucha/ kombucha-general.shtml.).

Plaintiff began brewing and eventually selling kombucha under the brand name "Kombucha Dog" in 2010. Id. ¶ 14. Because Kombucha Dog's products have an alcohol content of 0.5% or more by volume, its products are regulated as alcoholic beverages, subject federal law and TTB regulations. Id. ¶¶ 15 – 16. In 2012, defendant entered the kombucha market, initially selling its products only at farmers' markets. Id. ¶ 18. Defendant markets its products as containing less than 0.5% alcohol by volume. Id. ¶ 20. On its website, it also asserts that it uses "several safety measures to control and monitor [its] yeast populations, such as cold crashing and keeping our product aerated," which help control the amount of alcohol produced during fermentation. Id. at 5.

Plaintiff alleges that defendant's kombucha products do, in fact, contain an alcohol content more than 0.5% by volume, id. ¶ 24, despite the fact that defendant "advertises, markets and promotes" its beverages as non-alcoholic, id. ¶ 20. Plaintiff explains that, in November of 2017, it employed a third-party testing laboratory to test defendant's product, which illustrated that defendant's products contain between 1.9% and 2.7% alcohol by volume. Id. ¶¶ 24, 27. Accordingly, plaintiff claims that defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS-SKx | Date | November 26, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

kombucha products should be properly labeled as alcoholic beverages, and must comply with the regulations governing alcoholic beverages. Id. ¶ 24. Plaintiff further alleges that defendant knowingly misrepresents that its products only contains trace amounts of alcohol, less than 0.5 %, and has consequently led customers to be confused and misled. Id. ¶¶ 21 – 22.

Plaintiff alleges that plaintiff's Kombucha Dog beverage and Better Booch are "direct competitor[s]," "vying for the same dollars from the same consumers . . ., except that Tortilla Factory did not seek to sell alcohol to minors." Id. ¶ 30. Plaintiff therefore asserts that, through its false advertisements about the alcohol content in its beverages, defendant knowingly gained an unfair advantage in the marketplace. Id. ¶ 32. "As a direct and proximate result" of the alleged misconduct, plaintiff reports injury, including lost profits and "loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Plaintiff's products." Compl. ¶¶ 38, 40, 48, 55.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS-SKx | Date | November 26, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

As noted, this is defendant's second motion to dismiss plaintiff's claims; defendant brought an initial motion to dismiss plaintiff's original complaint. Dkt. 15. In ruling on the initial motion to dismiss, the Court found that plaintiff had standing to sue, that plaintiff alleged its fraud-based claims about defendant's alleged alcohol content misrepresentations with sufficient particularity, and that plaintiff's claims were not preempted. MTD Order at 7, 14, 17. However, in its initial complaint, plaintiff alleged no facts to explain why plaintiff filed this action in 2018, despite the fact that plaintiff claimed that defendant has been manufacturing its kombucha products since 2012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-02980-CAS-SKx | Date | November 26, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

Compl. ¶ 22. Accordingly, the Court found that plaintiff's claims were time barred, and the Court dismissed the complaint with leave to amend. Id. at 10.[1] In response, plaintiff filed its amended complaint on October 12, 2018. Defendant now moves to dismiss plaintiff's first amended complaint.

### A. Timeliness

Defendant argues that "[t]he FAC contains no new or additional facts to explain why Tortilla Factory could not have discovered the alleged misrepresentations until 2017," and that "[having] failed to show diligence in discovering its claims and filing its claims, Tortilla Factory is appropriately time barred." Mot. at 9. Defendant contends that "there can be no dispute that Tortilla Factory had both the motivation and the means to investigate the products of . . . a direct competitor." Id. at 11. Defendant further argues that plaintiff's delay was unreasonable and highly prejudicial to defendant, namely because defendant has invested significant resources into its kombucha product over the past six years, and because to allow a suit to proceed would involve discovery reaching a "massive number of products sold over the course of the past six years." Id. at 13. Accordingly, defendant argues that the statute of limitations and/or laches bar plaintiff's FAL, UCL, and Lanham Act claims.

---

[1] Plaintiff previously alleged claims against KeHe Distirbutors, Inc., Hi-Touch Distribution, Inc., Reliant Food Services, Inc., and Los Angeles Distributing Company, the distribution companies that allegedly worked with defendant. Compl. ¶¶ 3 – 6, 36-37. The Court dismissed the claims pertaining to the distributors' liability because plaintiff failed to allege facts as to each distributor which specified their control of or participation in defendant's misconduct. MTD Order at 17 – 19. Plaintiff has omitted these distributor defendants from its first amended complaint. In addition, plaintiff previously claimed that, in addition to misrepresenting the alcohol content in the Better Booch products, defendant also misrepresented the sugar content. Compl. ¶ 29. The Court also dismissed plaintiff's claims to the extent they were premised on alleged sugar misrepresentations because plaintiff asserted these claims only upon "information and belief," and accordingly did not satisfy the particularized pleading standard of Rule 9(b). MTD Order at 14. In its first amended complaint, plaintiff has not alleged any claims based upon the sugar content in defendant's kombucha products.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-02980-CAS-SKx | Date | November 26, 2018 |
|---|---|---|---|
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

Plaintiff responds that the statute of limitations and laches are improper grounds to dismiss an action at the pleading stage. Opp'n at 7. It further argues that "a plaintiff's duty to diligently investigate is only triggered when the plaintiff 'has reason to suspect an injury and some wrongful cause.'" Id. at 8 (citing E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1319 (2007)). Plaintiff contends that it was not on notice of defendant's misconduct until its December 2016 conversation with Starbucks because previously plaintiff relied on defendant's alleged misrepresentations. Id. at 9 – 10. Plaintiff further argues that defendant will not be prejudiced by plaintiff's 2018 filing. Id. at 15.

The Court finds that dismissing plaintiff's claims on the bases of the statute of limitations and laches is improper. The statute of limitations generally runs from the time the "last element" of the alleged misconduct occurs. El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1039 (9th Cir. 2003) (citing April Enter., Inc. v. KTTV and Metromedia, Inc., 147 Cal. App. 3d 805, 825 (1983)). However, common law accrual rules apply to California's unfair competition statute of limitation, and these accrual rules include the "discovery rule." Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1197 (2013).[2] The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Id. at 1192. Laches is an equitable defense that applies where there is "an unreasonable delay by the plaintiff and prejudice to [the defendant]." Pipe Restoration Techs., LLC v. Pipeline Restoration Plumbing, Inc., No. SACV 13-00499-CJC(RNBX), 2014 WL 12573357, at *2 (C.D. Cal. July 8, 2014) (citing Danjaq LLC v. Sony Corp., 263 F.3d 942, 951 (9th Cir. 2001)).

---

[2] In its reply, defendant contends that "California Courts have held that the doctrine of delayed discovery does not apply to unfair competition claims." Reply at 2 (citing Saaremets v. Whirlpool Corp., No. CV S-09-2337 FCD/EFB, 2010 WL 11571214, at *3 (E.D. Cal. Mar. 19, 2010) ("[I]n Karl Storz Endoscopy-America, Inc. v. Surgical Tech., Inc., 285 F.3d 848, 857 (9th Cir. 2002), the Ninth Circuit held that unfair competition claims under Section 17208 'are subject to a four-year statute of limitations which [begins] to run on the date the cause of action accrued, not on the date of discovery.'"). The Supreme Court of California has since clarified, however, that "the UCL is governed by common law accrual rules to the same extent as any other statute," which includes the discovery rule. Aryeh, 55 Cal. 4th at 1196.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS-SKx | Date | November 26, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

"'When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute' does not bar his claims." McCarthy v. Johannesson, No. CV12-02099-MMM (PLAx), 2012 WL 12887540, at *5 (C.D. Cal. Dec. 11, 2012) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)). Indeed, "whether a plaintiff is entitled to tolling based on delayed discovery is usually a question of fact for the jury, unless the 'uncontradicted facts are susceptible of only one legitimate inference.'" McMenemy v. Colonial First Lending Grp., Inc., No. 2:14-CV-1482 JAM AC, 2015 WL 1926965, at *2 (E.D. Cal. Apr. 15, 2015) (citing Kline v. Turner, 87 Cal.App.4th 1369, 1374, 105 Cal.Rptr.2d 699 (2001)). Similarly, the Ninth Circuit has made clear that given the factual nature of the application of laches, this defense is rarely appropriate even on a motion for summary judgment, much less a motion to dismiss. Couveau v. Am. Airlines, Inc., 218 F.3d 1078, 1083 (9th Cir. 2000) ("Because the application of laches depends on a close evaluation of all the particular facts in a case, it is seldom susceptible of resolution by summary judgment.").

Contrary to defendant's contention, plaintiff's first amended complaint alleges new facts that plausibly support tolling of the statute of limitations, pursuant to the discovery rule. Plaintiff explains that when plaintiff first became acquainted with defendant's product, it had no reason to suspect that defendant's representations about its alcohol levels were false. FAC ¶ 25. Plaintiff believed the representations because "at [that] time there were numerous other kombucha brands being marketing[ed] and sold as non-alcoholic." Id. Plaintiff further claims that when it tasted defendant's product, it tasted watered down—not alcoholic. Id. Plaintiff alleges that it was not on-notice of defendant's alleged misconduct until its conversations with Starbucks in December of 2016. Id. ¶ 26. Based on this conversation, plaintiff began testing competing kombucha products, including defendant's, in November of 2017. Id. ¶ 27. These facts plausibly support the invocation of the discovery rule. "Whether a reasonable person in plaintiff's position would have discovered the wrongdoing" at an earlier time, mot. at 8 (citing Lifeway Foods, Inc. v. Millenium Prod., Inc., No. CV 16-7099-R, 2016 WL 7336721, at *2 (C.D. Cal. Dec. 14, 2016)), is a question of fact, that cannot be decided on the basis of plaintiff's complaint. Similarly, regarding the application of laches, reading the complaint in the light most favorable to plaintiff, the Court cannot conclude, based on the alleged facts before it, that plaintiff's delayed filing was "unreasonable."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 2:18-cv-02980-CAS-SKx | Date | November 26, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiff's claims on the basis that they are time barred. This ruling, however, is without prejudice to defendants' ability to raise the defense upon further factual development of the case.

### B. Particularity

Defendant also argues that plaintiff's allegations are not pled with the requisite particularity that the Federal Rule of Civil Procedure 9(b) requires for claims that sound in fraud. Mot. at 13 (citing Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009)). The Court previously found that plaintiff satisfied its Rule 9(b) burden, because plaintiff's initial complaint included factual allegations that "identif[ied] the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 964 (9th Cir. 2018) (quoting Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011)). Specifically, plaintiff included detailed allegations that in November of 2017, plaintiff employed a third-party to utilize the headspace gas chromatography combined with mass spectrometry from a third-party lab to test defendant's product, and that this test indicated that defendant's product contained roughly four to five times the limit for beverages considered non-alcoholic. Compl. ¶ 28.

These details are omitted from plaintiff's first amended complaint. In its opposition, plaintiff acknowledges the omission, which it calls "inadvertent." Opp'n at 17. Plaintiff further explains that it "stands by its prior allegation of the testing method used" and that it can replead the allegations. Id.

Accordingly, the Court **DISMISSES *with leave to amend*** plaintiff's claims, given plaintiff's omission. To the extent that plaintiff "stands by its prior allegation[s]," plaintiff should amend its complaint with the excluded facts in order to satisfy the Rule 9(b) particularity standard.

### C. Preemption

Defendants raise their prior argument that plaintiff's claims must be dismissed because "plaintiffs are precluded from seeking equitable relief that would require a party to comply with California alcoholic beverage control laws ("ABC") because private

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:18-cv-02980-CAS-SKx | Date | November 26, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

cititzens 'may not enforce the ABC Act through private UCL actions.'" Mot. at 16 (citing <u>Tryon v. DSB Enterprises, Inc.</u>, 2006 WL 234728 (Cal. Ct. App. Feb 1, 2006).

As the Court explained in its previous motion to dismiss order, however, California courts have since held that "even where a state agency may have jurisdiction over a licensee, the UCL may provide a private remedy." <u>Wiseman Park, LLC v. S. Glazer's Wine & Spirits, LLC</u>, 16 Cal. App. 5th 110, 130 (Ct. App. 2017). With regard to the authority of the Department of Alcoholic Beverage Control, the court in <u>Wiseman Park</u> thus found that the Department had exclusive jurisdiction with licensing and regulating the manufacturing, sales, importation, etc. of alcoholic beverages, and was singularly vested with the power to deny, spend, or revoke licenses. <u>Id.</u> at 132. However, this did not bar UCL claims or appropriate relief predicated on violations ABC laws. <u>Id.</u> Here, plaintiff argues that defendant's false advertising, in violation of ABC laws, has provided defendant an "unfair advantage over" plaintiff, which has caused plaintiff injury. FAC ¶¶ 32 – 34. Plaintiff asks this Court, *inter alia*, to enjoin defendant from "engaging in false or misleading advertising with respect to its Kombucha." <u>Id.</u> at 13 ¶ 1. These claims and this requested injunctive relief do not tread into the territory of the Department of Alcoholic Beverage Control because they are not about the licensing and regulation of selling, manufacturing, etc. alcoholic beverages. The claims are about false advertising and unfair business practices, which may be properly brought under the UCL. <u>Wiseman Park, LLC</u>, 16 Cal. App. 5th at 132. Defendant's unpublished, older California case does not persuade the Court otherwise.

Accordingly, defendant's motion to dismiss plaintiff's claims on the grounds of preemption is **DENIED**.

### D. Requested Relief

Defendant argues, as it did in the first motion to dismiss, that plaintiff improperly requests nonrestitutionary disgorgement, which is not permitted under the UCL. Mot. at 17, citing FAC at 13, ¶ 7. Plaintiff argues that "it is undisputed that disgorgement of profits is an available remedy for a Lanham Act violation." Opp'n at 19 (citing <u>Maier Brewing Co. v. Fleischmann Distilling Corp.</u>, 390 F.2d 117, 123 (9th Cir. 1968)).

The Court already ruled in its prior order that nonrestitutionary disgorgement is unavailable to plaintiff under the UCL. See <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1144 (2003). However, as plaintiffs note, disgorgement can be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-02980-CAS-SKx | Date | November 26, 2018 |
| Title | TORTILLA FACTORY, LLC V. BETTER BOOCH, LLC, ET AL. | | |

available under the Lanham Act. Under the Lanham Act, a prevailing plaintiff "shall be entitled ... subject to the principles of equity, to recover: (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction." 15 U.S.C. § 1117(a) (West). "The Lanham Act thus mandates that a court award a plaintiff a defendant's profits (i.e., disgorgement), the plaintiff's actual damages, and costs—but these awards are only mandatory insofar as they are equitable." Out of the Box Enterprises, LLC v. El Paseo Jewelry Exch., Inc., No. EDCV 10-01858 VAP (DTBx), 2012 WL 12893524, at *5 (C.D. Cal. June 27, 2012); see also Spin Master, Ltd. v. Zobmondo Entm't, LLC, 944 F. Supp. 2d 830, 839 (C.D. Cal. 2012) (citing Maier Brewing Co., 390 F.2d at 121). Accordingly, while plaintiff is barred from seeking disgorgement for its UCL claims, disgorgement can be an appropriate form of relief under the Lanham Act.

Defendant's motion to dismiss plaintiff's claim on the basis that plaintiff seeks improper relief is therefore **DENIED**.

## V.    CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss plaintiff's first amended complaint is **DENIED** to the extent that it is premised on plaintiff's claims being time barred or preempted.

However, the Court **DISMISSES** *with leave to amend* plaintiff's claims because they are not pled with the requisite particularity. Plaintiff shall file its amended complaint by **December 11, 2018**, incorporating the requisite details about the product testing methodology and outcomes, as alleged in paragraph 28 of its initial complaint. See Compl. ¶ 28. Plaintiff shall make no other changes to its amended complaint without leave of Court. Thereafter, defendant shall file its answer by **January 7, 2019**.

IT IS SO ORDERED.

| | 00 | 11 |
|---|---|---|
| Initials of Preparer | | CMJ |